IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TORREAN ANTWON SIMS | CR No. 3:12-cr-513-003-JFA<br><br>**ORDER** |

This matter is before the Court on cross motions by the United States Probation Office for the District of South Carolina (USPO) and defendant Sims. *See* Mot. Quash, ECF No. 789; Mot. Compel, ECF No. 791; Mem. Supp. Mot. Compel, ECF No. 839. A brief summary of the procedural history of these motions follows.

In particular, on July 26, 2012, Sims served on the USPO a subpoena issued by this Court ordering the production for inspection and copying of "[a]ny and all records including any information of whatever form or nature, whether written or in electronic form, including but not limited to, all disciplinary records, education records, telephone call logs or records, visitor logs or records, urinalysis records and the like relating in any way whatsoever to TORREAN ANTWON SIMS." The information requested includes the USPO's files pertaining to Sims's period of supervised release following a previous incarceration. On July 30, 2012, the USPO acknowledged service, indicating it would review the subpoena.

On September 26, 2012, the USPO delivered a letter to this Court requesting that "no personal notes, chronological entrees [sic], phone records, or other supervising notes" from the USPO files regarding Sims's period of supervised release be released to defense counsel. The USPO indicated that these documents contained "confidential contacts with third parties and other local and federal agencies" during this time period. However, the USPO indicated that it did not object to the release of (1) drug test results; (2) monthly supervision reports; (3) signed

conditions of supervision; (4) the intake interview form; (5) Bureau of Prisons correspondence; and (6) "other such general documentation." On September 28, 2012, Sims received a letter from the USPO informing Sims that the USPO had requested a hearing on the matter. On October 1, 2012, the USPO filed a Motion to Quash the subpoena and Sims filed a Motion to Compel production of the USPO's files.

The Court held a hearing on both motions on October 31, 2012. After hearing from the parties, the Court granted Sims's Motion to Compel in part, ordering that the USPO provide to Sims and to the Government as soon as possible the six categories of information identified above that the USPO did not object to producing. However, the Court deferred ruling on the production of the remainder of the USPO's files, ordering that the USPO first submit to the Court for in camera review the documents which it objects to producing. The Court has now reviewed these files in consultation with the USPO.

The Judicial Conference of the United States has adopted regulations governing the production of judiciary records in legal proceedings (hereinafter "Subpoena Regulations").[1] These regulations require the Court to determine whether to allow the release of Court documents such as the USPO files. In making this determination, the Court must consider, based on a series of factors, the effect in this case, as well as in future cases generally, which producing records will have on the ability of the federal judiciary and federal judicial personnel to perform their official duties.[2] Among other factors, the Court should consider both "[w]hether the . . . production of records would disclose confidential information from or pertaining to . . . an

---

[1] *See* 20 GUIDE TO JUDICIARY POLICY Ch. 8, §§ 810–50 (2012), *available at* http://www.uscourts.gov/RulesAndPolicies/SubpoenaRegulations.aspx.
[2] *Id.* § 850(a).

individual's probation, parole, or supervised release,"[3] and "[w]hether the request seeks testimony, records or documents available from other sources."[4]

Having considered the requests for records of the USPO made by Sims and the factors set forth in the Subpoena Regulations, the Court hereby denies the USPO's Motion to Quash and grants Sims's Motion to Compel, subject to the following procedure:

1. With reasonable notice and at a reasonable time, Louis H. Lang, counsel for defendant Sims, may review Sims's probation file at the offices of Chief Probation Officer Dickie Brunson, Strom Thurmond Federal Building, 1835 Assembly St., Rm. 611, Columbia, SC 29201. With the exception of federal judicial and USPO personnel, no individual other than Mr. Lang is authorized to review Sims's probation file.

2. As noted above, the USPO has already provided several categories of information from Sims's probation files to Mr. Lang. If upon his review Mr. Lang seeks additional material from the files, he will specify to Chief Probation Officer Brunson in writing the material sought and the reason(s) therefor, consistent with Section 830 of the Subpoena Regulations.

3. The Court will rule expeditiously on any such request by Mr. Lang.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

November 16, 2012  Joseph F. Anderson, Jr.
Columbia, South Carolina  United States District Judge

---

[3] *Id.* § 850(a)(11).
[4] *Id.* § 850(a)(13).