IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:12-513-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DAVID ANDREA JENKINS, ET AL. | ) | |
| _____ | ) | |

This court has previously entered an order continuing the trial of this case from March until July 2013. Several defendants, including some who opposed the continuance, have moved for an order severing their trial from that of their co-defendants. For the reasons which follow, all motions for severance are denied.

This case was brought against a total of 35 defendants, charging them with racketeering, conspiracy (Count 1) in violation of 18 U.S.C. § 963(d) and 1963(a). Count 1 includes an allegation of 91 overt acts allegedly committed in furtherance of the conspiracy. The superseding indictment also charges 136 additional charges to include narcotics conspiracy (Count 10), a wire/tax fraud conspiracy (Count 105), and numerous substantive violations.

At this point, approximately 15 of the defendants have signed proffer agreements and are allegedly in the process of cooperating with the government. This has resulted in the creation of additional discovery that has yet to be provided to the defendants.

It is well-settled that "barring special circumstances, individuals indicted together should be tried together." *United States v. Brugman*, 655 F.2d 540, 542 (4th Cir. 1981).

1

Thus, unless a "miscarriage of justice" will result, there is a presumptive expectation that co-defendants should and will be tried together. *Richardson v. Marsh*, 481 U.S. 200, 206–11 (1987). Severance is only required under Fed. R. Crim. P. 14 when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). No such showing has been made in this case.

In this case, the defendants have offered little in the way of evidence or argument that a joint trial would prejudice their defense in any way. On the other hand, a severance would not be in the best interest of justice or the public. The charges against the defendants resulted from an investigation into an allegedly large-scale racketeering enterprise in South Carolina. Allegedly, the individuals charged were part of an organization that engaged in multiple types of criminal violations over a period of more than ten years. The court has already noted the voluminous nature of the discovery that has been produced and that is yet to be produced in this case. Should any defendant's case be severed, the government would be required to try much of the same case twice at great cost of money and resources to the court, the government, and the public.

For the foregoing reasons, the motions to sever are denied.

IT IS SO ORDERED.

February 11, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge