IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATE OF AMERICA | ) | Criminal No. 3:12-CR-00513-JFA |
| | ) | |
| v. | ) | |
| | ) | **CONTINUANCE ORDER** |
| JAMES LONDON | ) | |
| | ) | |

This matter comes before the court on motion filed by defense counsel on June 18, 2013, for a continuance of this case from the July, 2013 term of court until the next scheduled term of court. Defendant London recently made his first appearance in this district on a writ, as he is currently serving a sentence of incarceration in a New York state prison. Most of the defendants charged in this massive, complex racketeering case made their initial appearances in the summer of 2012, and all but one of London's co-defendants have entered guilty pleas. The trial of London's remaining co-defendant, Calvin Hall, is set for this Court's July, 2013 term. London's counsel represents that there is no way that he can review the thousands of pages of discovery in this case and be prepared for trial next month, so he moves for both a continuance of this case and a severance. Given the nature of this case, the Government understandably consents to the motion–and the Court agrees that a continuance is both appropriate and necessary in this case.

The request for a continuance is made to allow the defendant additional time to review discovery and to complete discussions about a resolution of this case. Attached to defense counsel's motion (Docket Entry No. 1566) is a written request from the Defendant, James London, to the Court requesting a continuance until the next term of court, that he be allowed to waive his rights under the Speedy Trial Act, and that he be granted a severance from his co-defendants. The Court notes that said document contains the defendant's signature, and that the defendant has waived his rights to a more speedy trial of his case.

The Court has granted several, lengthy continuances to the other defendants in this case and hereby grants this motion for continuance and severance. Given the voluminous discovery in this case, the Court agrees that the defendant and his counsel need additional time to prepare for trial. In concluding that the proposed continuance is appropriate, the Court has balanced the best interest of the public and the defendant in a speedy trial against the ends of justice and finds that the latter outweighs the former. The Court specifically finds that a continuance in this matter until the next term of court will allow counsel time to review the discovery, prepare for trial, and/or engage in plea negotiations, which will possibly avoid the need for a trial.

Therefore, the Court finds that this continuance is justified under the provisions of Title 18, United States Code, Section 3161(h)(7)(A), and the Court specifically finds, based on the entire record before it, that the ends of justice served by the granting of this continuance outweighs the interests of the public and the defendant in a speedy trial.

IT IS THEREFORE ORDERED that the trial of this case be and hereby is continued until from the July, 2013 term of court until the September, 2013 term of court and any period of delay is hereby excluded in computing the time within which trial must begin pursuant to Title 18, United States Code, Section 3161(h)(7)(A). The Court recognizes that it may need to grant at least one additional continuance if one is requested.

IT IS FURTHER ORDERED that the Defendant be granted a severance from his co-defendants.

IT IS SO ORDERED.

June 21, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge